IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CHRIS BOOKHART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-1086-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| PORTLAND POLICE DEPT., CITY OF | ) | |
| PORTLAND, PORTLAND POLICE | ) | |
| OFFICERS LILE (38941), TAFAYA | ) | |
| (46432), BLEDSOE (41701), SHARP | ) | |
| (42660), HUTCHINSON (42653), | ) | |
| defendants are sued in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Chris Bookhart
11540 N. E. Inverness Drive
Portland, Oregon 97220

     Pro Se Plaintiff

Mary T. Danford
Office of City Attorney
1221 S. W. Fourth Avenue, Room 430
Portland, Oregon  97204

Attorney for Defendants

KING, Judge:

Pro se plaintiff Chris Bookhart alleges constitutional excessive force claims against several Portland police officers based on their conduct during his arrest on May 21, 2006.  Before the court are Defendants' Motion to Dismiss (#30) and Plaintiff's Motion to Compel Discovery (#35).

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide:

> Involuntary Dismissal:  Effect Thereof.  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

The court must weigh five factors when deciding whether to dismiss a case for lack of prosecution:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

<u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994). In a dismissal on the court's own motion, the court must warn the plaintiff of the possibility of dismissal; no warning is required if the dismissal follows a noticed motion under Rule 41(b). <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).

## DISCUSSION

Defendants move to dismiss this action, contending that plaintiff has failed to prosecute or comply with court rules. In particular, plaintiff is thwarting defendants' efforts to get discovery.

The court attempted to find pro bono representation for plaintiff but counsel that investigated declined to take the case, citing Federal Rule of Civil Procedure 11(b). I then held a telephone conference with defense counsel and plaintiff to explain the options. Defendants sought to have this civil case stayed until plaintiff's criminal case was resolved. Plaintiff wanted to move forward with the civil case. I set a schedule and expressly warned plaintiff that he would have to meet all the rules of the court or I would consider his conduct a factor if a motion to dismiss was filed.

Plaintiff's deposition was scheduled for August 9, 2007. Plaintiff moved to quash, to allow him to locate counsel, but I ordered him to appear for the noticed deposition.

Defense counsel and defendant Lile appeared at the jail for the deposition. Lile was dressed in civilian clothes and was unarmed. Plaintiff did not react to Lile in any way until defense counsel identified Lile, well after the deposition started.

Prior to going on the record, plaintiff immediately said he was hearing voices and his head hurt. Defense counsel gave him the option of dismissing his case or sitting for his

deposition. On the record, plaintiff accused defense counsel of badgering him, being part of the conspiracy against him, and telling plaintiff he should dismiss his case. Defense counsel explained that dismissal was plaintiff's decision and that she was happy to take his deposition. When asked if he had ever used another name than the one on this Complaint, plaintiff excitedly explained that he was wearing a jail wristband with another name because the government was conspiring to give him a new identity. Plaintiff said that he did not know how old he was, was not sure whether he went to school past the sixth grade, that he was painting for a job prior to being in jail but did not know for whom and could not name any prior employers, and admitted that he had been convicted of a crime but could not name any of the charges and said he did not know why he was in the jail.

Plaintiff complained again that he heard voices and that his head hurt. He then answered a few questions about the incident and asked if Lile was the man sitting behind defense counsel. When Lile's identity was confirmed, plaintiff became agitated and said he wanted to leave right away because he was scared. Defense counsel explained that, as a defendant, Lile had a right to attend the deposition. Plaintiff insisted Lile was threatening him by looking at him. Plaintiff said he wanted to end the hostile environment. Defense counsel explained that she was going to ask the judge to dismiss the case if the deposition ended. Plaintiff insisted Lile was threatening him through facial gestures and by looking at plaintiff like he was a smart-aleck. Plaintiff was only willing to continue the deposition if Lile was not in the room, so defense counsel ended the deposition.

Lile states that he engaged in no threatening behavior. He also states that once plaintiff knew who Lile was, plaintiff started acting "crazy" in the same fashion that he acted during his

arrest. This behavior is documented in the police reports, specifically that plaintiff cooperated at first and became agitated and uncooperative when he realized the police were bringing witnesses over to try to identify him as the robber.

Defendants also argue that plaintiff has not timely responded to their discovery requests, even though he has served dozens of pages of discovery requests on his own behalf. Specifically, plaintiff did not respond to interrogatories. Plaintiff did not return signed medical releases until the day of the deposition, preventing defendants from obtaining the documents beforehand. Even then, plaintiff did not properly fill out the release needed to obtain his mental health records.

Plaintiff contends that he was harassed by defense counsel prior to the court reporter going on the record and silently harassed by Lile during the deposition.

I do not accept plaintiff's account of what took place at the deposition. The transcript contains no talking at all by Lile and only appropriate comments by defense counsel. Moreover, plaintiff did not complain about any threatening behavior on the part of Lile until Lile was identified, several minutes into the deposition. Plaintiff is not shy to complain–I think he would have spoken up immediately on the first threatening look by Lile.

I previously warned plaintiff that he had to abide by all court rules. When he moved to quash his deposition, I ordered him to appear. Plaintiff is able to produce copious requests for discovery, which have all been responded to by defendants, but plaintiff is unable to respond to much simpler requests for discovery served on him. Plaintiff's behavior at his deposition, culminating in his refusal to continue except under conditions which he is not entitled to require, is unacceptable.

This action was filed well over a year ago, in July 2006. The public has an interest in a quicker resolution of a case which alleges excessive force against several police officers. Those officers are entitled to an expeditious resolution so that they can either remove the cloud from their reputation or, if plaintiff prevails, move on with their lives. Plaintiff's behavior prejudices defendants because they are unable to obtain enough discovery to prepare their defense and, likely, to move for summary judgment. Although dismissal is a drastic sanction, I have already warned plaintiff during a telephone conference that he had to obey court rules and orders.

Even if plaintiff's behavior is due to mental health issues, there is nothing else the court can do. I attempted to locate pro bono counsel but was not successful. Defendants are entitled to the discovery needed to put on a defense. Although plaintiff did not want to stay this case until the criminal case is resolved, he is not willing or is not able to comply with court rules and orders. Consequently, I grant defendants' motion to dismiss.

## CONCLUSION

Defendants' Motion to Dismiss (#30) is granted. Plaintiff's Motion to Compel Discovery (#35) is moot. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____10th_____ day of October, 2007.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge